AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| United States of America<br>v.<br>Jamelia Phillips<br><br>*Defendant(s)* | Case No. 19-1595-M |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 18, 2019__ in the county of __Philadelphia__ in the __Eastern__ District of __Pennsylvania__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1791 | Providing or possessing contraband in prison |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Andrew Allaire, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 09/19/2019

_____
*Judge's signature*

City and state: Philadelphia, PA

Richard A. Lloret, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Andrew Allaire, being duly sworn under oath and deposed, state the following:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"). I have been employed with the FBI since May 14, 2017, and am currently assigned to the Philadelphia Division. Since October 16, 2017, I have been assigned to the Violent Crimes Task Force ("VCTF") as a Special Agent. My current duties include, among other things, the investigation of bank robberies, fugitives, kidnappings, and Hobbs Act robberies. Prior to my duties as a Special Agent with the FBI, I was a sworn police officer in the City of Biddeford in the State of Maine from July 2011 through April 2017.

2. This affidavit is being submitted in support of a criminal complaint and arrest warrant charging JAMELIA PHILLIPS, date of birth: January 15, 1990, with a violation of Title 18, United States Code, Section 1791(a)(1) (providing or possessing contraband in prison). As explained more fully below, PHILLIPS provided the following items to federal inmate J.R.[1] while visiting J.R. at the Federal Detention Center ("FDC") at 700 Arch Street, Philadelphia, PA: (1) a bag containing a green leafy substance that tested positive for amphetamines, (2) a black L8 STAR cell phone, and (3) one white SIM card.

3. This affidavit is based upon my personal knowledge, experience and investigation, as well as information from FDC staff in the course of their official duties.

4. Because this affidavit is submitted for the limited purpose of obtaining a criminal complaint, I have not included all information known by me or other agents concerning this

---

[1] The inmate that PHILLIPS was visiting is referred to throughout this affidavit by his initials, J.R., because he is not the subject of this complaint. His true identity is known to me.

1

investigation. I have set forth only those facts that I believe are essential to establish the necessary foundation for a criminal complaint. This affidavit does not exhaust my knowledge or that of other agents of the facts and circumstances surrounding this investigation.

5. Under 18 U.S.C. § 1791(a)(1), any person who "in violation of a statute or a rule or order issued under a statute, provides to an inmate of a prison a prohibited object, or attempts to do so… shall be punished as provided in subsection (b) of this section." The regulation found at 28 C.F.R. § 6.1 prohibits the introduction, or attempted introduction, or anything "into or upon the grounds of any Federal penal or correctional institution … without the knowledge and consent of the warden or superintendent" of the facility." PHILLIPS' actions violated this rule.

6. Under 18 U.S.C. § 1791(d)(1)(F), a phone or other device used by a user of commercial mobile service is a prohibited object. Also, the green leafy substance that PHILLIPS provided to J.R. tested positive for amphetamines, and based on my training and experience, I am aware that amphetamines are a controlled substance. The amphetamines will be further tested to determine which class of prohibited object it is under the statute (*i.e.*, whether it is a schedule I or II controlled substance under 18 U.S.C. § 1791(d)(1)(A), marijuana or a schedule III controlled substance under 18 U.S.C. § 1791(d)(1)(B), a narcotic drug under 18 U.S.C. § 1791(d)(1)(C) or another type of prohibited object).

7. J.R. is an inmate who was incarcerated at the FDC at the time of the conduct described in this affidavit, and is still incarcerated there. The term "prison" means a federal correctional, detention or penal facility or any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the Attorney General. The FDC is a Bureau of Prisons detention facility located in Philadelphia, PA, and is therefore a "prison" as defined in 18 U.S.C. § 1791(d)(4).

8.     In order to be permitted to visit J.R. at the FDC, PHILLIPS was required to and did complete and sign Federal Bureau of Prisons form no. BP-A0224, titled "Notification to Visitor." On this form, PHILLIPS wrote that she was visiting inmate J.R. This form lists and provides notice about rules that apply to visitors, including the following:

NOTICE TO ALL PESRONS: PROHIBITED ACTIVITIES AND OBJECTS
You are prohibited from engaging in prohibited activities or possessing prohibited objects on Bureau grounds, or in Bureau facilities, without the knowledge and consent of the Warden. Violators may be detained or arrested for possible criminal prosecution, either by Bureau staff, or local or federal law enforcement authorities.

Prohibited Activities include any activities that could jeopardize the Bureau's ability to ensure the safety, security, and orderly operation of Bureau facilities, and protect the public, including, but not limited to, violations of Titles 18 and 21 of the United States Code, Federal regulations, or Bureau policies.

Prohibited Objects include, but are not limited to . . . drugs; intoxicants; . . . telephones; . . . electronic devices; and any other objects that violate criminal laws or are prohibited by Federal regulations or Bureau policies.

9.     The "Notification to Visitor" form also required PHILLIPS to affirmatively answer whether she was bringing in any item described in a list, including but not limited to "Telephones – any type," "Electronic Devices," "Narcotics," "Marijuana," and "Intoxicants." PHILLIPS answered "No" to all of these items.

10.    PHILLIPS signed the form, acknowledging:

I declare that I do not have articles in my possession which I know to be a threat to institution safety, security, or good order. I am aware that if I have questions about what is authorized, I should consult with the officer. I am aware that the penalty for making a false statement is a fine of not more than $250,000 or imprisonment of not more than five years or both (pursuant to 18 U.S.C. § 1001).

11.    On September 18, 2019, at or around approximately 12:35 p.m., PHILLIPS entered the visitor's room at the FDC to meet inmate J.R. FDC staff monitored PHILLIPS' visit

3

of J.R. in real time via surveillance video, which was also recording.[2] The FDC staff saw that PHILLIPS collected a paper plate from the food area in the visitor's room and placed several napkins on top of that plate. Inmate J.R. was also in the visitor's room, and while PHILLIPS was collecting the plate and napkins, J.R. appeared to unbutton the front portion of his pants. PHILLIPS then walked to where inmate J.R. was sitting and handed J.R. the plate with the napkins. J.R. placed the plate on the table in front of him and removed an item from beneath the napkins. J.R. immediately moved his hand, now holding the item retrieved from under the napkins, and placed it into the opening in the front of his pants.

12.     When FDC staff saw J.R. place an item into his pants, they took J.R. into the search room in the back of the visitor's room to conduct a search for contraband. In the room, as J.R. started taking off his jumpsuit, an FDC staff member asked J.R. if he was going to hand over what he had on him. J.R. responded yes and handed a small package over to FDC staff. Staff then completed their search of J.R. and confirmed that he did not have any other items on him.

13.     The package that PHILLIPS had passed to J.R. contained: (1) a small, black L8 STAR cell phone that was approximately two inches tall and one inch wide, (2) a white SIM card, and (3) a leafy green substance. The leafy green substance was tested by the Special Investigative Services Tech Unit of the FDC using a field narcotics testing kit, and produced a positive result for amphetamines.

---

[2] I reviewed the surveillance video recording of this visit, as described in this affidavit. The video is date and time-stamped.

14. Based on the above, I believe that probable cause exists that on September 18, 2019, JAMELIA PHILLIPS committed a violation of Title 18, United States Code, Section 1791(a)(1) (providing or possessing contraband in prison).

*(signature)*
ANDREW ALLAIRE
Special Agent
Federal Bureau of Investigation

Sworn to before me
This 19th day of September 2019

*(signature)*
HONORABLE RICHARD A. LLORET
*United States Magistrate Judge*

5